IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MARSHALL E. WIGGINS,**  **Plaintiff,**  v.  **GREENWOOD MOTOR LINES, INC.**  **d/b/a R&L CARRIERS,**  **Defendant.** | **Case No. 22-CV-01082-SPM** |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

In June 2020, *pro se* Plaintiff Marshall E. Wiggins brought an Illinois state court action against his former employer, Defendant Greenwood Motor Lines, Inc. ("Greenwood") stating that he was wrongfully discharged after he took time off when he became ill and sought treatment even though he filled out the requisite paperwork with his employer. (Doc. 1-1, p. 5.) That complaint was dismissed without prejudice by the state court judge. (Doc. 1-1, p. 6.) On April 26, 2022, Wiggins filed an amended complaint that alleged similar facts, along with new claimed violations of the Family and Medical Leave Act ("FMLA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Age Discrimination in Employment Act ("ADEA"). (Doc. 1-1, pp. 9-10.)

Afterwards, Greenwood removed the case to this Court. (Doc. 1.) Greenwood then filed a Motion for Judgment on the Pleadings or, in the Alternative, Motion to Dismiss, which stated that Wiggins' FMLA claim was untimely and his Title VII and ADEA claims were time-barred. (Doc. 6.) Wiggins never responded to the Motion. Pursuant to LOCAL RULE 7.1(c), "[f]ailure to timely file a response to a motion may,

in the Court's discretion, be considered an admission of the merits of the motion." The Court will still ensure that the arguments made by Greenwood properly substantiate its assertions of entitlement to judgment on the pleadings.

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is subject to the same standard as a Rule 12(b)(6) motion to dismiss. *Thomason v. Nachtrieb*, 888 F.2d 1202, 1204 (7th Cir. 1989). The district court must view all the facts in a light most favorable to the non-moving party, *National Fidelity Life Ins. Co. v. Karaganis*, 811 F.2d 357, 358 (7th Cir. 1987), and may only grant the motion if it is beyond doubt that the non-movant can plead no facts that would support her claim for relief. *Thomason*, 888 F.2d at 1204. The district court may not look beyond the pleadings, and all uncontested allegations to which the parties had an opportunity to respond are taken as true. *Flora v. Home Federal Savings and Loan Ass'n*, 685 F.2d 209, 211 (7th Cir. 1982). One distinction between the two rules is that affirmative defenses, such as failure to exhaust and untimeliness, are traditionally addressed on a motion for judgment on the pleadings under Rule 12(c). *Forty One News, Inc. v. County of Lake*, 491 F.3d 662, 664 (7th Cir. 2007).

Wiggins states in his amended complaint that he was wrongfully discharged on July 29, 2019 during his illness. Wiggins did not file his FMLA claim in the amended complaint until April 26, 2022, which is past the two-year statute of limitations under the FMLA. *See Sampra v. U.S. Dep't of Transp.*, 888 F.3d 330, 332 (7th Cir. 2018). As a result, Wiggins' FMLA claim is untimely.

Additionally, in his amended complaint, Wiggins failed to allege that he filed the required charges of discrimination with the Equal Employment Opportunity

Commission ("EEOC") to administratively exhaust his Title VII and ADEA claims. In Illinois, "a plaintiff who asserts Title VII and ADEA claims has 300 days from the alleged discriminatory or retaliatory act to file a timely charge of discrimination with the EEOC." *Chatman v. Bd. of Educ. of the City of Chicago*, 5 F.4th 738, 744 (7th Cir. 2021) (citing 42 U.S.C. § 2000e-5(e)(1) (Title VII statute of limitations); 29 U.S.C. § 626(d)(1)(B) (ADEA statute of limitations)). Consequently, Wiggins' Title VII and ADEA claims are time-barred as they stand in the current complaint. That said, judgment on the pleadings can only be used for final, appealable, judgments. *See* FED. R. CIV. P. 54(a). Therefore, failure to state a claim under FED. R. CIV. P. 12(b)(6) is the more appropriate rule for dismissal to give Wiggins one final chance to amend.

Accordingly, the Court **GRANTS** Defendant Greenwood Motor Lines, Inc.'s Motion for Judgment on the Pleadings or, in the Alternative, Motion to Dismiss. (Doc. 6.) Plaintiff Marshall E. Wiggins' FMLA claim is **DISMISSED with prejudice** due to futility. Wiggins' Title VII and ADEA claims are **DISMISSED without prejudice**. The Court **GRANTS** Wiggins leave to replead by filing an amended complaint on the Title VII and ADEA claims within 14 days if he can sufficiently allege that he meets the elements of those claims. Failure to do so shall result in dismissal for failure to prosecute his claims. *See* FED. R. CIV. P. 41(b). The Court **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of this case.

**IT IS SO ORDERED.**

**DATED:  October 21, 2022**

*s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**